IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV54-MU-02

BILLY LEE LISENBY,            )
    Petitioner,           )
                          )
    v.                    )                ORDER
                          )
GEORGE CURRIE,[1] Admin. Of Polk )
  Youth Institution,         )
    Respondent.           )
_____)

**THIS MATTER** comes before the Court on petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed February 9, 2005; and on the respondent's "Motion For Summary Judgment Or Dismissal And Answer . . ," filed March 8, 2005. For the reasons stated herein, and for the further reasons stated in the respondent's Motion for Summary Judgment or Dismissal, the instant Petition will be dismissed.

According to the record of this matter, on April 27, 2004, the petitioner pled guilty to a charge of misdemeanor assault on one of his correctional officers. On the occasion of his conviction, the District Court of Anson County sentenced the petitioner to a term of 75 days imprisonment. The Court's

---

[1] The petitioner incorrectly named Michael Munns, an Assistant Superintendent with the N.C. Dept. Of Corrections as the respondent in this action. However, the petitioner has provided information which reflects that the petitioner's custodian was George Currie; therefore, the caption of this action has been changed to reflect the name of the correct respondent.

Judgment was silent as to whether the petitioner's 75-day sentence was to be served concurrently with or consecutive to another sentence which he already was serving for an earlier assault conviction.

On September 7, 2004, the petitioner filed a Motion for Appropriate Relief ("MAR" hereafter) in the District Court of Anson County complaining, <u>inter alia</u>, that his sentences for the two assault convictions should be run concurrently.

Next, on December 8, 2004, the petitioner filed a Petition for a Writ of Mandamus in order to force the District Court to rule on his MAR. However, on December 20, 2004, the petitioner's Petition was denied. Also on that date, the petitioner's MAR was allowed, but only to the extent that the District Court entered an Order clarifying that the petitioner's 75-day sentence had run concurrently with his other sentence from the date that such 75-day sentence was imposed. However, all of the other contentions set forth in the petitioner's MAR were denied. The petitioner subsequently filed a Certiorari Petition in the State Court of Appeals, but that Petition also was denied.

Thus, on February 9, 2005, the petitioner filed the instant federal Petition for <u>habeas corpus</u> review. By his Petition, the petitioner argues that he was subjected to several instances of ineffective assistance of counsel; that his rights were further violated when either the prosecutor or his former attorney failed to disclose to him certain evidence/information; that his guilty

plea was involuntarily and unintelligently made; and that his conviction was obtained in violation of his right to be free of double jeopardy.

On March 8, 2005, the respondent filed his Motion for Summary Judgment or Dismissal. Chiefly, the respondent's combined Motion quite convincingly demonstrates that this Court lacks jurisdiction even to entertain this action.

Indeed, the respondent asserts that under N.C.Gen.Stat. §15A-1354(b)(a), the petitioner automatically was entitled to serve his 75-day sentence concurrently with his other sentence because the Court's judgment for the 75-day sentence did not specify that such sentence was to be served consecutively to his earlier sentence. By operation of law, then, the petitioner's 75-day sentence began to run on April 27, 2004 and fully expired on July 11, 2004. Therefore, since the petitioner did not file the instant Petition until February 9, 2005--more than 200 days after he already had completed the service of his 75-day sentence, this Court does not have jurisdiction to review the instant Petition. The respondent also submitted copies of all of the pertinent State court records in support of his request for a summary dismissal.

After reviewing the foregoing argument, on March 7, 2005, this Court issued its standard Roseboro-type Order, explaining to the petitioner that it appeared that the respondent was entitled to a judgment as a matter of law, and directing the petitioner to

file a response to the respondent's Motion. By the terms of that Order, the petitioner's response had to be filed with this Court no later than 30 days from the filing date of the Order, that is, no later than April 8, 2005. Such Order was sent to the petitioner at his mother's home, since he already had written to the Court on February 15, 2005 and asked that all future correspondence be directed to him at that address.

Notwithstanding the Court's efforts, more than three months have passed since the expiration of the petitioner's response deadline, and still he has <u>not</u> filed a response or any other document in opposition to the respondent's Motion.

In any event, the Court has conducted its own research on the question of whether or not it has jurisdiction to entertain the petitioner's Petition. As a result, the Court has determined that under 28 U.S.C. §2254(a), a petitioner must be "in custody" for the conviction about which he complains at the time that he initiates his request for federal <u>habeas</u> review. See <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998). Furthermore, once a sentence has fully expired, a petitioner no longer will be deemed to be "in custody" for the purposes of commencing federal <u>habeas</u> review on that particular conviction. <u>Maleng v. Cook</u>, 490 U.S. 488 (1989).

Consequently, inasmuch as the Court finds that the respondent's argument is well supported by the law, his Motion for Summary Judgment will be <u>granted</u>.

**NOW, THEREFORE, IT IS ORDERED:**

1. That the respondent's Motion for Summary Judgment is **GRANTED**;

2. That the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED;** and

3. That the Clerk shall send copies of this Order to the parties.

**SO ORDERED.**

**Signed: August 5, 2005**

Graham C. Mullen
Chief United States District Judge